**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-01230
(Filed: October 14, 2016)

**FILED**

**OCT 1 4 2016**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| KEITH RUSSELL JUDD, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

OPINION AND ORDER

**CAMPBELL-SMITH, Chief Judge**

On September 26, 2016, plaintiff Keith Russell Judd (plaintiff or Mr. Judd) filed a complaint in the United States Court of Federal Claims (Court of Federal Claims) to recover monies collected by the Internal Revenue Service (IRS) for the 2015 tax year. Plaintiff alleges that the IRS exceeded its authority when it "charged, collected and retained $400.00" from him "as a penalty for not purchasing [h]ealth [i]nsurance" under the Patient Protection and Affordable Care Act (Affordable Care Act), 26 U.S.C. § 5000A (2010). Compl. 1, 3. Plaintiff characterizes the penalty as an illegal exaction in violation of the Fifth and Tenth Amendments of the United States Constitution, and seeks a refund of $400.00. See Compl. at 1, 5-6. For the reasons more fully explained below, plaintiff's complaint is dismissed for lack of jurisdiction. See Rules of the United States Court of Federal Claims (RCFC) 12(b)(1).

I.    Legal Standards

A.    The Tucker Act

The Court of Federal Claims is a court of limited jurisdiction. Jentoft v. United States, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citing United States v. King, 395 U.S. 1, 3 (1969)). The Tucker Act confers upon the Court of Federal Claims jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or

7011 0470 0002 5084 3587

upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). But "[t]he Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citation omitted). A plaintiff seeking relief under the Tucker Act must identify an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. Wagstaff v. United States, 105 Fed. Cl. 99, 108 (2012); see also Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."); Roth v. United States, 378 F.3d 1371, 1384 (Fed. Cir. 2004) ("Because the Tucker Act itself does not provide a substantive cause of action . . . a plaintiff must find elsewhere a money-mandating source upon which to base a suit."); United States v. Testan, 424 U.S. 392, 400 (1976) (stating that "the Tucker Act is merely jurisdictional, and grant of a right of action must be made with specificity").

The Court of Federal Claims "may not entertain claims outside this specific jurisdictional authority." Adams v. United States, 20 Cl. Ct. 132, 135 (1990) (citation omitted). "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." Fisher, 402 F.3d at 1173.

Subject-matter jurisdiction, which involves a court's power to hear a case, "can never be forfeited or waived." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). Accordingly, the parties, or the court sua sponte, may challenge the existence of subject-matter jurisdiction at any time. Arbaugh, 546 U.S. at 506. In evaluating subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (quoting Shearin v. United States, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)).

B.  Pro Se Plaintiffs

The Court of Federal Claims holds the pleadings of a pro se plaintiff to less stringent standards than those of litigants represented by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972) (Pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers."). Nevertheless, "the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Zulueta v. United States, 553 Fed. Appx. 983, 985 (Fed. Cir. 2014) (quoting Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378,

1380 (Fed. Cir. 1987)); Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) (noting that pro se plaintiffs are not excused from satisfying jurisdictional requirements). As further explained in Demes v. United States, "[w]hile a court should be receptive to pro se plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." 52 Fed. Cl. 365, 369 (2002).

II.  Discussion

Most of plaintiff's complaint rests on his argument that "[t]his Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491 for recovery of illegal exactions. Also, 28 U.S.C. § 1346(a)(1)." Compl. at 1. Because it has been the tradition of the court to examine the record "to see if [a pro se] plaintiff has a cause of action somewhere displayed," Ruderer v. United States, 412 F.2d 1285, 1292 (1969), this court has liberally construed plaintiff's bare claim to be either: (1) a traditional tax refund claim pursuant to 28 U.S.C. § 1346(a)(1); (2) a traditional tax refund claim pursuant to 28 U.S.C. § 1491; or (3) an illegal exaction claim pursuant to 28 U.S.C. § 1491. As explained below, the court does not have jurisdiction over any of these claims.

> A.  The United States Court of Federal Claims Does Not Have Jurisdiction Over Plaintiff's Tax Refund Claim Under 28 U.S.C. § 1346(a)(1)

Plaintiff appears to suggest that section 1346(a)(1) provides the court with an independent basis for subject-matter jurisdiction, see Compl. at 1, because it references the Court of Federal Claims' concurrent jurisdiction to hear tax refund claims. However, plaintiff is mistaken. Section 1346(a)(1) confers jurisdiction only on the United States District Courts:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1) (emphasis added). As explained in Hinck v. United States, "[a]lthough this court is mentioned in section 1346(a)(1), . . . this is merely a cross-reference to the Tucker Act and . . . this court's refund jurisdiction derives from the latter provision." 64 Fed. Cl. 71, 76 (2005), aff'd, 446 F.3d 1307 (Fed. Cir. 2006) (quoting Usibelli Coal Mine v. United States, 54 Fed. Cl. 373, 375 n. 6 (2002)"; Fry v. United States, 72 Fed. Cl. 500, 505 (2006); see also Doe v. United States, 372 F.3d 1308, 1312 (Fed. Cir. 2004) (distinguishing the Little Tucker Act, 28 U.S.C. § 1346, from the Tucker

3

Act, 28 U.S.C. § 1491). Therefore, the court does not have jurisdiction over Plaintiff's claims under 28 U.S.C. § 1346(a)(1).

      B.      The United States Court of Federal Claims Does Not Have Jurisdiction Over Plaintiff's Tax Refund Claim Under 28 U.S.C. § 1491

A tax refund claimant may bring an action before this court to recover that amount alleged to have been improperly collected or withheld by the Government. See e.g., City of Alexandria v. United States, 737 F.2d 1022, 1028 (Fed. Cir. 1984); see also 28 U.S.C. § 1491(a); New York Life Ins. Co. v. United States, 118 F.3d 1553, 1558 (Fed. Cir. 1997) (affirming the jurisdiction of the Court of Federal Claims over a suit concerning a federal tax refund). To maintain such an action, three additional jurisdictional prerequisites must be satisfied as well. First, the claimant must have made full payment of the tax, penalties, and interest at issue. Fry, 72 Fed. Cl. at 510; Artuso v. United States, 80 Fed. Cl. 336, 338 (2008). Second, the claimant must have filed an administrative claim for refund with the IRS for the amount of tax at issue, and third, the claimant must provide to the court the amount, date, and place of each payment to be refunded, as well as a copy of the refund claim. Id.; 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary"); RCFC 9(m).

By requiring the filing of a refund claim with the IRS first, section 7422(a) of the Internal Revenue Code creates a jurisdictional prerequisite to filing a refund suit in this court that "is designed both to prevent surprise and to give adequate notice to the [IRS] of the nature of the claim and the specific facts upon which it is predicated, [and] thereby permit[] an administrative investigation and determination." Computervision Corp. v. United States, 445 F.3d 1355, 1363 (Fed. Cir. 2006) (citations and internal quotation marks omitted). Even in pro se cases, a plaintiff's failure to plead that a timely refund has been filed deprives the Court of Federal Claims of jurisdiction. Fry, 72 Fed. Cl. at 510; see also Wozniak v. United States, 618 F.2d 119 (Ct. Cl. 1979) (holding that even in a pro se tax suit a timely claim for refund must be filed to invoke the court's jurisdiction). Plaintiff makes no allegation that he filed an administrative claim for a refund with the IRS before instituting this action, nor has plaintiff filed the requisite proof supporting his refund claim. Plaintiff thus has failed to satisfy the jurisdictional prerequisites of sections 7422(a) and RCFC 9(m), and to the extent that plaintiff's claim constitutes a tax refund claim under the Tucker Act, the court lacks jurisdiction to hear it.

      C.      The United States Court of Federal Claims Does Not Have Jurisdiction Over Plaintiff's Illegal Exaction Claim

Plaintiff also argues that "[t]he Internal Revenue Service violates [the] due process clause of the Fifth Amendment to the Constitution by charging [him] a $400.00 penalty

under the Affordable Care Act" and that "the Due Process Clause of the Fifth Amendment to the United States constitution is money mandating for recovery of illegal exactions." Compl. at 5, 1. Assuming that Mr. Judd's claim is not a tax refund claim, but rather an illegal exaction claim, the court still lacks jurisdiction to hear plaintiff's complaint.

In Norman v. United States, 429 F.3d 1081 (Fed. Cir. 2005), the United States Court of Appeals for the Federal Circuit explained that:

> An illegal exaction, as that term is generally used, involves money that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation . . . An illegal exaction involves a deprivation of property without due process of law, in violation of the Due Process Clause of the Fifth Amendment to the Constitution. The Court of Federal Claims ordinarily lacks jurisdiction over due process claims under the Tucker Act, but has been held to have jurisdiction over illegal exaction claims when the exaction is based upon an asserted statutory power. To invoke Tucker Act jurisdiction over an illegal exaction claim, a claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by necessary implication, that the remedy for its violation entails a return of money unlawfully exacted.

Id. at 1095 (emphasis added) (citations and internal quotation marks omitted). Plaintiff, accordingly, bears the burden of demonstrating that the Affordable Care Act, as "the statute or provision causing the exaction," itself provides—either expressly or by necessary implication—that "the remedy for its violation entails a return of money unlawfully exacted." See id. Plaintiff has made no such allegation. Therefore, the court lacks jurisdiction to hear plaintiff's exaction claim.

D.  Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Finally, the court would be remiss—where plaintiff is proceeding pro se—if it did not point out that even if this court had jurisdiction to hear plaintiff's illegal exaction claim, that claim would fail as a matter of law because it rests on the proposition that the penalty for failure to secure insurance coverage was charged and exacted unlawfully. See Compl. at 4 ("Congress does not have authority under the Commerce Clause to command me to purchase [h]ealth [i]nsurance, and therefore cannot charge me a penalty for failure to comply with the illegal mandate.") As highlighted above in Norman, and explained succinctly in Starr International Co., Inc. v. United States, "an illegal exaction claim by its name suggests an illegal action," 121 Fed. Cl. 428, 472 (2015) (emphasis added), whereas the penalty at the heart of plaintiff's complaint has been upheld by the United States Supreme Court to be a lawful exercise of congressional taxing power. Indeed, plaintiff's particular Commerce Clause challenge to the Affordable Care Act's individual

5

mandate has been rendered moot by the Supreme Court's decision in National Federation of Independent Business v. Sebelius, 132 S. Ct. 2566 (2012). In National Federation, the Supreme Court held that, "[t]he commerce power . . . does not authorize the mandate," but that "Congress had the power to impose the exaction in § 5000A under the taxing power, and that § 5000A need not be read to do more than impose a tax. That is sufficient to sustain it." Id. at 2598. Because plaintiff's complaint is premised upon the position that a lawful exercise of congressional taxing power is an unlawful exaction of funds, it fails to state a claim upon which relief can be granted. See RCFC 12(b)(6). Even if this court had jurisdiction over the instant claim, the court would be bound to find accordingly.

     E.    The United States Court of Federal Claims Does Not Have Jurisdiction Over Plaintiff's Tenth Amendment Claim

The remainder of plaintiff's arguments are based on the Tenth Amendment. Plaintiff summarily argues that "under the Tenth Amendment, Congress does not have authority to regulate [h]ealth [i]nsurance in Texas." Compl. at 5. The Tenth Amendment provides that:

> The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

U.S. Const. amend. X. "As a matter of law, [n]othing in the language of [the Tenth] Amendment 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" Fry, 72 Fed. Cl. at 507 (quoting United States v. Mitchell II, 463 U.S. 206, 216 (1983)). Therefore, the court does not have jurisdiction over plaintiff's Tenth Amendment claims.

III.   Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims. Therefore, the court has no alternative but to sua sponte dismiss plaintiff's case for lack of subject-matter jurisdiction. Plaintiff's complaint is **DISMISSED** without prejudice.

    IT IS SO ORDERED.

                                          PATRICIA CAMPBELL-SMITH
                                          Chief Judge