# In the United States Court of Federal Claims

No. 16-01230C

(Filed: November 8, 2016)

|  |  |
|---|---|
| KEITH RUSSELL JUDD, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) |

FILED

NOV - 8 2016

U.S. COURT OF
FEDERAL CLAIMS

<u>OPINION AND ORDER</u>

CAMPBELL-SMITH, Chief Judge

    On November 2, 2016, plaintiff Keith Russell Judd (plaintiff) filed a motion for reconsideration (motion), ECF No. 9, of the court's October 14, 2016 Unreported Opinion and Order, ECF No. 7, dismissing plaintiff's complaint for lack of subject matter jurisdiction. See Rules of the United States Court of Federal Claims (RCFC) 12(b)(1), 59. Thereby, plaintiff "move[d] this court to alter or amend the October 14, 2016, Order and Judgment, and to enjoin the collection of the Affordable Care Act, penalty under 26 U.S.C. § 5000A(g)(1)." Motion at 1.

    To prevail on a motion for reconsideration under RCFC 59, the movant must identify a manifest error of law, or mistake of fact. See Shapiro v. Sec'y of Health & Human Servs., 105 Fed. Cl. 353, 361 (2012), aff'd, 503 Fed. Appx. 952 (Fed. Cir. 2013). Specifically, the movant must show: (1) an intervening change in controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of granting the motion to prevent manifest injustice. Id. The court has considerable discretion in ruling on a motion for reconsideration. See Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). But, granting such relief requires "a showing of extraordinary circumstances." Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) cert. denied, 546 U.S. 826 (2005) (citation omitted). "A court, therefore, will not

grant a motion for reconsideration if the movant merely reasserts ... arguments previously made ... all of which were carefully considered by the court." <u>Ammex, Inc. v. United States</u>, 52 Fed. Cl. 555, 557 (2002), aff'd, 384 F.3d 1368 (Fed. Cir. 2004) (internal quotation marks omitted).

Plaintiff's motion for reconsideration is a recitation of arguments previously asserted in his complaint and fully considered by this court in its October 14, 2016 Opinion. Plaintiff does not identify an intervening change in the controlling law, bring forth new evidence that was previously unavailable, or argue that reconsideration is necessary to prevent manifest injustice. Thus, he has failed to identify any error of law or mistake of fact that would warrant reconsideration. <u>See</u> <u>Shapiro</u>, 105 Fed. Cl. at 361. The court addressed its lack of jurisdiction over plaintiff's complaint in its October 14, 2016 Opinion, and plaintiff's present motion provides no legally cognizable basis for reconsideration of that decision.

Accordingly, plaintiff's motion for reconsideration is **DENIED**. Furthermore, plaintiff's request to enjoin collection of the Affordable Care Act penalty is **DENIED** as moot.

The Clerk of the Court is directed to not accept any further pleadings in this case.

IT IS SO ORDERED.

/s/ Patricia E. Campbell-Smith
PATRICIA CAMPBELL-SMITH
Chief Judge